UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CR-20852-LENARD

UNITED STATES OF AMERICA

v.

MICHAEL LEVITICUS CHILDS,

    **Defendant.**
_____/

## DETENTION ORDER

On December 11, 2014, this Court held a hearing pursuant to Title 18, United States Code, Section 3142(f) to determine whether defendant Michael Leviticus Childs ("Childs") should be detained prior to trial.

Having considered the evidence presented at the pre-trial detention hearing, the Pretrial Services Report, and the factors enumerated in Title 18, United States Code, Section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure Childs's appearance at future court proceedings, or the safety of the community. The Court therefore orders that Childs be detained prior to and until the conclusion of trial.

In accordance with the provisions of Title 18, United States Code, Section 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1.  Childs is charged by indictment with four counts of Hobbs Act robbery or attempted robbery and one count of conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951.  He is also charged with four counts of using a firearm during a crime of violence, in violation of Title 18, United States Code, Section 924(c).  In two of those counts, the indictment further alleges that the firearm was discharged.  He is also charged with two counts of possession of ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).  Because the defendant is charged with offenses under Section 924(c), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance of the safety of the community.  See 18 U.S.C. § 3142(e)(3)(B).

2.  The government proffered evidence that on or about October 25, 2013, the defendant – who was clearly visible on surveillance video – robbed the Super Stop convenience store in West Park, Florida.  The defendant brandished a firearm and ultimately took approximately $5,800.  Two store employees subsequently identified the defendant in a photographic array and stated that they were 90% sure that the

defendant was the robber. Following his arrest, the defendant admitted in an audio-recorded, post-Miranda statement that he had committed this robbery.

3. The government further proffered evidence that on or about December 22, 2013, the defendant – again visible on surveillance video – robbed a CVS store located in Miami Gardens, Florida, along with another individual. The defendant, wearing grey Nike sneakers, guarded the door, wielding a firearm, while his co-conspirator approached the register and demanded money. Following his arrest, the defendant admitted in an audio-recorded, post-Miranda statement that he had committed this robbery.

4. The government further proffered evidence that on or about January 15, 2014, the defendant – as captured on surveillance video – robbed the Discount City store located in Opa Locka, Florida. Wearing the same grey Nike sneakers, the defendant entered the store and immediately fired a round from a black firearm into the ceiling. He then approached the register, where he demanded and ultimately took approximately $3,000. During the robbery, the defendant fired multiple rounds into the store towards customers, though he failed to hit anyone. Although he was wearing a mask, the defendant was subsequently identified in a photographic array by a store employee who stated that he recognized the defendant's eyes. Following his arrest, the

defendant admitted in an audio-recorded, post-Miranda statement that he had committed this robbery.

5. The government further proffered that on or about January 20, 2014, the defendant attempted to commit an armed robbery of the FM Food Market, located in Miami, Florida. The defendant, visible on surveillance video, approached the cash register and fired a round through the window at the cashier when the cashier attempted to get away from him. The defendant subsequently fired additional rounds at store employees before leaving. Casings recovered from this robbery were compared to casings recovered from the Discount City robbery, five days earlier; the casings were found to have been fired by the same weapon. In addition, a fingerprint left on the cashier's window was found to match fingerprints on record for the defendant. Two store employees identified the defendant as the robber in a photographic array. Following his arrest, the defendant admitted in an audio-recorded, post-Miranda statement that he had committed this robbery.

6. The government further proffered that between December 7 and December 22, 2013, the defendant conspired with an individual named Charles Lovett to engage in multiple armed robberies. The government proffered that both individuals participated in three additional armed robberies during this period, including the armed robbery of Best Food Market and Lakeside Market, both located in

Miami, Florida, as well as the armed robbery of a Family Dollar store in Hallandale Beach, Florida.  The government proffered that surveillance video from the robberies showed an individual matching the defendant's appearance and further that the individual appeared to be wearing the same grey Nike sneakers in two of these robberies.  The government further proffered that following his arrest, the defendant provided audio-recorded, post-Miranda confessions to two of these robberies.

7. The defendant's criminal history includes multiple prior arrests for violent felonies.  Indeed, the defendant previously served a sentence of approximately seven years in Pennsylvania on robbery charges.  The defendant's criminal history also includes multiple probation violations and revocations, including a sentence of approximately three years when the defendant – who had recently been released from his seven-year prison term – violated the terms of his probation.

8. If convicted of the charges in the Indictment, the defendant faces a mandatory minimum term of imprisonment of 984 months, which must be served consecutively to any other term of imprisonment imposed.  Given his criminal history and the multiple robberies charged in the Indictment, the defendant faces a significant sentence, providing a strong incentive to flee.

9. Although the defendant has ties to the Southern District of Florida, he lacks stable living arrangements or employment and has ties to another jurisdiction.  In

addition, his history and characteristics include substance abuse and mental health issues that present further challenges to maintaining a stable residence or place of employment.

Based on the above findings of fact, the Court concludes that the statutory presumption set forth in Title 18, United States Code, Section 3142(e)(3)(B) has not been rebutted, and further finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Childs's appearance at future court proceedings, and further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

Wherefore, the Court hereby orders that:

    a.    Childs be detained without bond;

    b.    Childs be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    c.    Childs be afforded reasonable opportunity for private consultation with his counsel; and

    d.    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in

which the defendant is confined, deliver the defendant to a United States Marshal for the purpose of appearance in connection with court proceedings.

**DONE AND ORDERED** in Miami, Florida this 11th day of December, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

cc:   Pretrial Services
U.S. Marshals Service
AFPD Aimee Ferrer
AUSA Olivia Choe

7